IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAYMOND HARDY PETITIONER

VS. Case No. 1:26-cv-01021-SOH-MEF

JUDGE BURBANKS RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

COMES ON for consideration the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Raymond Hardy ("Hardy"), on April 24, 2026. (ECF No. 1). Hardy's Application to Proceed IFP (ECF No. 6) was granted on May 19, 2026. (ECF No. 7).

The undersigned found Hardy's Petition to be deficient in the following respects: (1) Petitioner mistakenly lists himself as the Respondent and a Judge Burbanks[1] as the Petitioner in the caption of the Petition; (2) he does not name his current custodian as the Respondent[2]; and (3) his asserted grounds for release merely state the conclusion "illegal sentencing," with no supporting facts being stated. Vague and conclusory allegations are insufficient to state a ground for relief (under 28 U.S.C. § 2255). *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986). *See also: Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are

[1] The Court notes that the Hon. Gary R. Burbank is an Arkansas Circuit Judge for the Thirteenth Judicial District, Division 6, in Union County, Arkansas.
[2] Rule 2(a), Rules Governing § 2254 Cases, provides that "[i]f the petitioner is in custody under a state-court judgment, *the petition must name as respondent the state officer who has custody*." (Emphasis added.) Since Petitioner alleges he is currently in custody in the Union County Detention Center, his current custodian would be Union County Sheriff Charlie Phillips.

wholly incredible."); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (brief, conclusory allegations that failed to cite to the record insufficient to support claims of ineffective assistance of counsel). Even *pro se* litigants must state specific facts in support of their claims. *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001).

Accordingly, the undersigned entered an Order (ECF No. 7) on May 19, 2026, directing the Clerk to provide Hardy with a standard form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (AO 241), and Hardy was ordered to complete and file a standard form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (AO 241) within 30 days from the entry of the Order, making his Amended Petition due on or before June 18, 2026. Hardy was specifically cautioned that failure to comply with the Court's Order could result in his Petition being summarily dismissed.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (district courts possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v.*

*City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

Despite being ordered to file a standard form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (AO 241) within 30 days of the Court's Order entered on May 19, 2026, Hardy has failed to do so and the time to do so has expired.

It is, therefore, RECOMMENDED that Hardy's Petition for Writ of Habeas Corpus (ECF No. 1) be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of July 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE